CARMEN GÓMEZ, Plaintiff and Appellant, *v.* JUAN ERNESTO LÓPEZ GRILLO, Defendant and Appellee.

No. 7883.   Argued December 1, 1939.—Decided January 8, 1940.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Plaintiff and defendant are the owners respectively of two adjacent houses marked No. 35 and 37 in Betances Street of Caguas. The two houses are separated by an alley one meter wide more or less and by a concrete wall eight feet high which according to the plaintiff serves as a fence for his said house.

On August 3, 1937, the plaintiff filed suit in this case in the District Court of Humacao, wherein, after stating the

above facts and alleging that since November 27, 1933, she has been in possession of the said alley and concrete wall as integral parts of her house, she alleged that the defendant, in the month of July, 1937, constructed a room at the extreme rear of his house using said concrete wall, and that he has demolished a part of the same to open a window, 8 feet square, by virtue of which he receives light and ventilation from the alley of plaintiff's house.

The defendant denied the essential allegations of the complaint and alleged as new matter that for more than five years he has been in possession of the wall and alley in controversy and that for more than five years it has been used by him as the side wall of his house and that part of his roof is supported by the same.

The district court, after hearing the evidence of both parties and after viewing the premises, rendered the judgment which motivated this appeal and which states literally as follows:

"Considering the allegations and all the evidence presented together with the inspection of the premises made by the court, we reach the conclusion that the alley as well as the wall to which the complaint refers have been used in common by the owners of both properties which are separated by said wall and alley, for a long time and especially during the year immediately preceding the filing of the complaint. Therefore, this injunction to recover the possession does not lie and the parties should settle their right to the wall and alley aforesaid in the corresponding ordinary action. As a consequence of this, judgment is rendered dismissing the complaint and awarding costs to defendant, including the sum of $100 which the court considers reasonable for the attorney's fees of the defendant."

Although the appellant alleges four errors as committed by the lower court, the first two are directed against the appraisal of the evidence and the last two against the award of costs and attorney's fees made in favor of the defendant.

In this case the lower court, upheld in our opinion by the evidence, found that the defendant during the year

immediately preceding the filing of the complaint and for a long time before, was in possession in common with the complainant of the wall and alley in controversy.

From the testimony of María Luisa Rodríguez, a witness for the defendant, we take the following:

"A. The house has a porch in front, it is painted green and has two doors in the front, then on the right side there is an alley which we used when we lived there since it was easier to come in and go out, and besides it has two doors to the alley and a door-window which also opens to the alley. This was where we came out to clean the alley each time it became dirty. Besides this, it has a high wooden wall which is one of the walls of the house and which supports the dining room and the kitchen.

"Q. What is it that is supported by that wall, the roof?

"A. The roof of the dining room and of the kitchen.

"Q. When was it that you lived that house?

"A. I went to live in that house in August, 1934, and I moved in July, 1937.

"Q. In July of this year?

"A. In July of this year, 1937.

"Q. When you went to live in the house, did this same condition exist?

"A. Exactly as it is now.

"Q. And when you moved, how was it?

"A. The house was exactly the same, the only thing that is new now is that the house has been painted and some repairs were made to it. Nothing more has been done to it." (T. of E. p. 78).

The appellant argues that the conclusion reached by the lower court to the effect that the alley and wall were possessed in common by the plaintiff and the defendant is erroneous, because the possession as a fact, according to the provisions of Section 374 of the Civil Code (1930 ed.) cannot be recognized in two distinct persons unless there is a tenancy in common.

Said Section says as follows:

"Possession, as a fact, cannot be recognized in two different personalities, unless in cases of indivisibility. If a question arises regarding the fact of possession, preference shall be given to the

present possessor; if there be two possessors, to the one longest in possession; if the dates of the possessions coincide, to the one presenting a title; and when all these conditions are equal, the thing shall be placed in deposit or judicial keeping, whilst the possession or ownership be determined through proper proceedings."

Section 374 of the Civil Code (1930 ed.), invoked by the appellant, does not exclude the possibility of possession in two distinct persons as a matter of fact. What the legal provision states is that *in the eyes of the law* possession, as a matter of fact, cannot be *recognized* in more than one person, except in cases of tenancy in common. It is precisely because the law cannot ignore the truth in those cases such as this where possession exists in two different persons, that said Section states convenient rules to determine in each case which of the two distinct possessions is the valid one recognized by the law.

As an illustration of possible possession in two distinct persons Manresa points out the following examples: "A lumberman starts to cut the pines in a valley and while doing this another person also begins to cut the same pines because he thinks himself authorized to do so. A cattleman takes his cattle to graze to a certain land wherein other cattle are later brought for the same purpose, etc." (4 Manresa, *Comentarios al Código Civil,* 1910 ed. pp. 198–199.)

In accord with the purpose on which it is based, Section 374 begins by stating: Possession as a matter of fact cannot be recognized in two different persons; and immediately after it provides that in cases of controversy as to the fact of possession the actual possessor shall be preferred; if there are two possessors, the oldest; if the dates of the possession are the same, whoever has title and lastly if all those conditions are the same, the thing shall be held in deposit while the possession of the property is determined in the corresponding proceedings.

To this effect Manresa says:

"But it should be noticed that Section 445 does not deny the possibility *of the existence* of the possession as a matter of fact in

two different persons; the law only says that it cannot acknowledge said duality. And we point this out, in the first place because it is very easy to mistake one for the other as happens in nearly all the commentaries, and in the second, so that a contradiction will not be apparent within the same section. The latter in fact, in its second part which we shall study further on, provides that actual possession shall be preferred and if both are actual then the oldest one shall prevail. Two actual possessions are two possessions in fact; therefore, the code not only does not deny the possibility of their existence but even considers the case where they exist in fact; however, it cannot recognize it or admit it as legal. All these, of course, only in case of a suit, or if both possessors claim they only have the right to possession, because there would be no contradiction in the case of tenancy in common." 4 Manresa, (1931 ed.), p. 178.

But the proceeding which the appellant has adopted is an injunction to recover and retain possession and it is well known that in said proceeding the question of who has the better title or right of possession cannot be determined. In the injunction, the only questions to be decided are: (*a*) Was the plaintiff during the year previous to the filing of the complaint the real possessor of the property described in the complaint if it is an injunction to recover possession and was he and is he in possession if it is an injunction to retain it; and, (*b*) has the plaintiff been disturbed or evicted as the case may be from said possession or tenancy? Section 691 of the Code of Civil Procedure (1933 ed.).

In regard to these injunctions, Manresa in his commentaries to the Civil Code (1910 ed.) states:

"These special injunctions, as they have been defined by the authors of books on procedure are *summary trials* which have the purpose of deciding *temporarily* the *fact* of the possession without prejudice to the rights of the parties, or of interrupting or preventing a state of facts which causes damage. This name is also given to the *actions* granted to the possessor to obtain the same result.

"Because of their nature, the decisions rendered therein decide nothing definitely, and are always without prejudice to the rights of a third party with the same or better rights. After the injunction to recover possession an ordinary suit can always be brought wherein the questions of law are alleged, examined, argued and decided. It

could be no other way, since in so far as this point is concerned, the fact of possession may have in its favor the presumption of the right to possession; but said presumption necessarily yields to evidence to the contrary; evidence which being pertinent to the law and not to the facts of the case has no place and is not admissible within the nature of the injunction." Vol. 4, p. 209.

In the case of *Fernández* v. *González*, 41 P.R.R. 719, 720–721 and 722, this Court said:

"In injunction proceedings to recover the actual possession lost through the acts of another, which is the equivalent of the interdict to recover possession in our former procedural law, only questions of fact may be alleged, shown, or determined, as for instance, whether the plaintiff within the year next preceding the filing of the complaint had possession of the property described in the complaint and whether he had been disturbed in, or deprived of, said possession by the defendant. Whether or not the plaintiff is entitled to such possession is a matter that cannot be discussed, shown, or decided in an injunction proceeding, as that is an issue to be settled in an ordinary action. *Solís* v. *Castro*, 36 P.R.R. 94; *Oliver et al.* v. *González et ux.*, 37 P.R.R. 868; *Vicente* v. *Ortiz*, 38 P.R.R. 95, and *Echevarría* v. *Saurí*, 38 P.R.R. 661.

"  \*       \*       \*       \*       \*       \*       \*

"The Supreme Court of Spain stated in its decision of April 3, 1884, reported in volume 54 of *Jurisprudencia Civil*, that 'the restorative interdict is available not only to those having the juridical possession but also to those having the tenancy of the thing or, what amounts to the same, having the actual and physical occupancy thereof with or without title . . .' The same court in a decision dated November 20, 1913, reported in vol. 125, p. 356, *Jurisprudencia Civil*, also says: 'It is sufficient to read section 446 and its concomitants of the Civil Code to be convinced of the applicability of the Law of Civil Procedure and to hold accordingly that interdicts, if they are not to lose their peculiar character to the extent of rendering the action useless, can only deal with the fact of the possession in order to protect it from a temporary disturbance, but never with the title thereto explanatory of the ground and character of the possession.' "

Of course, as the only questions to be decided in an injunction proceeding to recover and retain possession are those which have been previously indicated, any evidence,

whether documentary or oral, tending to prove title or right to possession in two persons, is inadmissible as irrelevant, since it is the determination of the possession *as a matter of fact* which is the only purpose of this proceeding. Plaintiff may have the most perfect title but if the defendant in any manner, including force or violence, has dispossessed him of the possession or has disturbed his use of the same for more than a year, the petition for an injunction to recover or retain possession thus usurped or disturbed, must necessarily fail. It is for this reason that it cannot be argued successfully by appellant that the lower court erred in not deciding in her favor because she presented a deed which in our opinion was unduly admitted by the lower court.

■ Plaintiff complaints that the lower court did not order the window opened in the concrete wall to be closed. How could it be possible in this proceeding to permit the defendant to continue realizing certain acts of possession and prohibit him from doing others? What would have been the result had he been ordered to close the window? It is not that we hold that the defendant has or has not a right of easement of light and view on the property of the plaintiff. It is that the plaintiff has not filed the proper action and therefore, that said right cannot be determined within the limits of this proceeding.

■■ Section 5 of the Act creating the procedure to recover the possession of real property, which is today Section 694 of the Code of Civil Procedure (1933 ed.), expressly provides that costs shall be imposed upon the party against whom judgment is rendered. As in this case judgment was rendered against the plaintiff by dismissing the complaint, the lower court acted correctly in awarding costs to the defendant and we do not find that it abused its discretion in ordering plaintiff to pay attorney's fees and in assessing them in the sum of $100.

For the foregoing reasons the judgment appealed from must be affirmed.